UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DEANNA HELEN MCATEE**,<br><br>Debtor. | Case No. **11-61486-7** |
| **WHITEFISH CREDIT UNION**,<br><br>Plaintiff.<br><br>-vs-<br><br>**DEANNA HELEN MCATEE**,<br><br>Defendant. | Adv No. **11-00065** |

**MEMORANDUM   OF   DECISION**

At Butte in said District this 24th day of January, 2012.

In this adversary proceeding in which Plaintiff seeks exception from Defendant/Debtor Deanna Helen McAtee's discharge under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), the Defendant has filed a motion (Docket No. 5) seeking to dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted under F.R.B.P. 7012(b) (applying Fed. R. Civ. P. 12(b)(6) in adversary proceedings).  Plaintiff Whitefish Credit Union ("WCU") filed an objection, and a hearing was held on the motion at Missoula on January 12, 2012.  The Court heard argument of counsel, then took Defendant's motion under advisement.  The matter is ready for decision.  After review of the motion, response and briefs, Defendant's motion will be denied

1

for the reasons set forth below.

Defendant was represented at the hearing by attorney Edward P. Nolde ("Nolde") of Bigfork. WCU was represented by Dean A. Stensland ("Stensland") of Missoula.

## BACKGROUND FACTS & PROCEDURAL HISTORY

Debtor filed a voluntary Chapter 7 petition on July 30, 2011. The meeting of creditors has been held pursuant to 11 U.S.C. § 341(a), and the Trustee filed a no asset report on September 10, 2011. A discharge of the Debtor was entered on November 9, 2011.

WCU commenced this adversary proceeding on November 8, 2011, when it filed its complaint seeking nondischargeability of debt under § 523(a)(2) and 523(a)(6). The complaint includes two Counts which are preceded by introductory paragraphs 3 through 19. WCU incorporates paragraphs 3 through 19 into both Counts One and Two.

In general terms the introductory paragraphs allege that the Debtor was sole shareholder of The Mortgage Source, Inc. ("Mortgage Source"), that she was the alter ego of Mortgage Source and used that corporate entity as a subterfuge to defeat public convenience, justify wrong, perpetuate fraud, or to act in bad faith, and that she is personally liable for her conduct on behalf of the Mortgage Source. The complaint alleges that Debtor assigned a trust indenture, which secured a note in favor of Mortgage Source from third parties in the amount of $450,000, to WCU to secure a $450,000 loan from WCU to Mortgage Source, which Mortgage Source used to lend its initial borrowers. WCU increased the loan amount to Mortgage Source to $495,000, and extended the due date so that Mortgage Source was obligated to pay WCU $523,479.45 on July 1, 2010.

The complaint alleges that Mortgage Source defaulted. WCU accelerated the loan and

declared the entire amount due. Paragraph 14 alleges that the Debtor recorded a notice of trustee sale of WCU's collateral which fraudulently names the Mortgage Source rather than WCU as beneficiary. The property allegedly was sold at trustee's sale on November 10, 2009, on behalf of Mortgage Source instead of WCU, to which Mortgage Source had assigned its interest. The complaint alleges that Mortgage Source recorded a trustee's deed in favor of Mortgage Source on the property it had assigned to WCU, and that Mortgage Source holds the title to the property, which Mortgage Source or Debtor has now pledged as security for another loan. WCU sued Debtor in Flathead County district court.

Count One seeks exception from Debtor's discharge of its debt based on § 523(a)(2)(A) alleging that Debtor and Mortgage Source obtained the loan from WCU under false pretenses, and that "WCU would not have made the loan as it did had WCU known that McAtee believed the assignment was null void, not genuine and had not actually happened." Paragraphs 21 through 28 state the elements of WCU's fraud claim, i.e., that McAtee's representations were material, that she knew they were false, she intended that WCU would rely on her representations, WCU was ignorant of the falsity of the representations and justifiably relied on her representations, and that WCU suffered damage in the amount of the unpaid obligation.

Count Two seeks exception from Debtor's discharge of $525,000 under § 523(a)(6) for willful and malicious injury to WCU. Paragraph 31 alleges that Debtor's acts on behalf of Mortgage Source were willful and malicious and were intended to injury WCU, and that she "willfully and maliciously converted WCU's security interest."

Debtor moved to dismiss the complaint on December 8, 2011, based on Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Debtor seeks dismissal of the complaint

with prejudice, without leave to amend, and requests an award of her attorney's fees based on her contract with WCU. WCU filed a response in opposition, arguing that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds on which it rests. Defendant filed a reply brief alleging additional flaws in the complaint, including an absence of an allegation of the value of the collateral.

## DISCUSSION

In the Ninth Circuit, a complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Evanns v. AT&T Corp.*, 229 F.3d 837, 839 (9th Cir. 2000); *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000). The Ninth Circuit has explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements. After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> [*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011).

"A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997); *Experimental Eng'g Inc. v. United Technologies Corp.*, 614 F.2d 1244, 1245 (9th Cir.1980).

Defendant prays that the Court dismiss WCU's complaint with prejudice, without leave to amend, because of certain facts admitted in the complaint. However, such relief would be contrary to controlling Ninth Circuit authority. In *Telesaurus* the court concluded that the district court abused its discretion by denying leave to amend a complaint. 623 F.3d at 1006. The court wrote that leave to amend can be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, . . . [citing case], or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)." *Telesaurus*, 623 F.3d at 1003; *Alvarez v. Chevron Corp.*, 656 F.3d at 935. WCU has not sought to amend its complaint. Defendant has not moved for a more definite statement. Therefore, at this stage in this proceeding Ninth Circuit authority does not permit the relief requested in Defendant's motion to dismiss with prejudice, without leave to amend. That relief is denied.

Applying the standard, taking all allegations of fact in the complaint as true and construing them in the light most favorable to WCU, the Court finds that the Defendant has failed to satisfy the heavy showing required for dismissal under Rule 12(b)(6).

**I. Count One**

To establish nondischargeability as a result of fraud under § 523(a)(2)(A)[1], courts in the Ninth Circuit employ the following five-part test:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor;
> (2) knowledge of the falsity or deceptiveness of his statement or conduct;
> (3) an intent to deceive;
> (4) justifiable reliance by the creditor on the debtor's statement or conduct; and
> (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001*); American Express Travel Related Services Co. Inc. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir.1996); *Apte v. Japra, M.D., F.A.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1322 (9th Cir. 1996).

In particular with respect to the allegations of fraud, Defendant argues that the complaint does not mention any misrepresentation of fact by the Defendant other than one which occurred after WCU made the loan. Defendant also argues that WCU could not have justifiably relied on Defendant's conduct.

The complaint alleges deceptive conduct by the Defendant in the form of executing an assignment of the trust indenture and taking out a loan from WCU on behalf of Mortgage Source. Based on the averments of the complaint, the Court assumes that ordinary and regular loan and security documents were executed in the course of this transaction, which will be offered at trial

---

[1] 11 U.S.C. § 523(a)(2)(A) reads:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

\* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by–
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

and which could include representations by the Debtor based upon her signature which could satisfy the elements of misrepresentation or deceptive conduct. The complaint pleads all the other elements of fraud listed above, including that WCU suffered damages in the amount of the unpaid loan when Mortgage Source failed to pay and sold the property for its own benefit.

Defendant argues that the complaint fails to state the "where, when, who and what of the fraud" required to survive a Rule 12(b)(6) motion, and that the Defendant is not the entity which incurred the debt to Plaintiff. Since the loan was to a corporation, not the Defendant, she argues that the complaint fails to state a claim against her under § 523(a)(2)(A). However, the averments of the complaint which the Court takes as true for purposes of Defendant's motion include allegations that she is the alter ego of Mortgage Source and used it as a subterfuge to perpetuate fraud and deceptive conduct against WCU to its damage.

Defendant argues that WCU has not alleged how any foreclosure damaged it because it did not allege the value of the collateral. WCU's allegations of damage are the amount of the unpaid loan which it would not have made absent Defendant's fraud. The Court concludes that Defendant's 12(b)(6) fails to satisfy the heavy burden to dismiss Count One.

**II. Count Two**

Count Two seeks exception from Defendant's discharge of more than $525,000 under § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "(6) for willful and malicious injury by the debtor to another entity or to the property of another entity." *Barboza v. New Form Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008); *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202,1205 (9th Cir. 2001), *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). Injuries resulting from recklessness are not sufficient to be considered willful injuries for

exception for discharge under § 523(a)(6). *Barboza*, 548 F.3d at 708, citing *Kawaauhau v. Geiger*, 523 U.S. 57, 60-61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

The Ninth Circuit reversed and remanded the case in *Barboza* because the courts below did not separately analyze the "malicious" prong of § 523(a)(6), and although some overlap may exist between the two prongs the Ninth Circuit requires a separate analysis for both the "willful" and "malicious" prongs. *Barboza*, 545 F.3d at 711; *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105 (9th Cir. 2005); *In re Su*, 290 F.3d 1140, 1144 (9th Cir. 2002); *Transamerica Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir. 1991) (per curiam); *Jercich*, 238 F.3d at 1209.

For purposes of Defendant's motion to dismiss, the complaint alleges that Defendant committed a willful and malicious injury when she converted WCU's security interest by trustee's sale of its collateral to Mortgage Source.

An injury is willful under § 523(a)(6) if the debtor intends the consequences of his actions. *Geiger*, 523 U.S. at 61, 118 S.Ct. 974. The Ninth Circuit wrote in *Su*, 290 F.3d at 1144: "The holding in *In re Jercich* is clear: § 523(a)(6) renders debt nondischargeable when there is either a subjective intent to harm, or a subjective belief that harm is substantially certain." Subjective belief includes actual knowledge that harm is substantially certain to result. *Su*, 290 F.3d at 1145-46.

Subjective intent may be gleaned from objective factors and circumstantial evidence which tends to establish what the debtor must have actually known when taking the injury-producing action. *Su*, 290 F.3d at 1146. Reckless disregard is insufficient to establish willfulness under § 523(a)(6). *Geiger*, 523 U.S. at 61, 118 S.Ct. 974; *Su*, 290 F.3d at 1145-46.

The Ninth Circuit wrote in *Su*:

> That the Bankruptcy Code's legislative history makes it clear that Congress did not intend § 523(a)(6)'s willful injury requirement to be applied so as to render nondischargeable any debt incurred by reckless behavior, reinforces application of the subjective standard. The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain.

*Su,* 290 F.3d at 1145-46.

Count Two seeks exception from discharge under § 523(a)(6) for Defendant's sale of WCU's security and conversion of the proceeds for her own use. In *In re Jackson*, 456 B.R. 478, 498-502 (Bankr. D. Mont. 2011), this Court excepted from debtors' discharge amounts of proceeds from the sale of a lender's security which debtors used, even though the lender knew of the sale. The Court in *Jackson* discussed *Mountain West v. Long (In re Long)*, 2008 WL 2477456 (Bankr. D. Mont.), wherein this Court concluded that use of proceeds for personal use and to fund business ventures was not "malicious" under § 523(a)(6). That decision was reversed on appeal by the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). *In re Long*, 2009 WL 7751422; *see Jackson*, 456 B.R. at 501-502.

The BAP found that this Court committed "clear error" when it determined that the malice element of § 526(a)(6) was not satisfied. The BAP wrote:

> While Littleton may establish, under appropriate facts, that a good faith effort to continue in business with the purpose of paying the creditor constitutes "just cause or excuse" for spending an inventory financer's collateral proceeds, it does not establish that an effort to start a new business with the proceeds of the sale of a prior business constitutes "just cause or excuse," particularly where the secured creditor has not been advised the sale of its collateral, and does not know that its proceeds are being dissipated.

*Long*, 2009 WL 7751422, *12.

Thus under *Long* and *Jackson*, Defendant's conversion of WCU's security could constitute willful and malicious injury under Count Two, provided that the requirements of § 523(a)(6) are satisfied at trial.

With respect to Count Two, Defendant contends that the reference to the preceding 29 paragraphs without specifying which facts pertain to Count Two is an "obnoxious" form of pleading because it causes the Court to review facts which are not pertinent. Defendant further argues that the foreclosure described in the complaint is not enough to trigger a finding of malice under § 523(a)(6). Defendant blames Plaintiff for failing to protect itself by recording its assignment, and contends that its failure to record the assignment cannot be transformed into a wrongful act by the Defendant. Having considered the motion, response, reply and case authority construing Rule 12(b)(6), the Court concludes that Defendant's contentions are insufficient to dismiss Count Two for failure to state a claim.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, denying Defendant's motion to dismiss.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana